UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD POWELL,

Plaintiff,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 2:20-cv-00730-KJD-DJA

SCREENING ORDER

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 4). The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

## I.      SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining

whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Ely State Prison ("ESP") and High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1). Plaintiff sues Defendants State of Nevada[1], Caseworker Berrett[2], and Caseworker Treadwell. (*Id.* at 1-2). Plaintiff alleges one claim and seeks monetary, declaratory, and injunctive relief. (*Id.* at 4, 15).

Plaintiff alleges the following: Plaintiff was convicted in 2000 for killing four people in May of 1992 and sentenced to life without the possibility of parole. (*Id.* at 4). At the time of the 1992 murders, a person convicted of murder and sentenced to life without parole was entitled, by state statute, to appear before the Nevada Board of Pardons. (*Id.*) In 1995, the Nevada Revised Statutes changed to no longer permit inmates sentenced to life without the possibility of parole to appear before the Nevada Board of Pardons. (*Id.* at 4-5).

This statutory change caused NDOC caseworkers to create a policy that anyone sentenced to life without the possibility of parole after 1995 was not entitled to appear

---

[1] The Court dismisses with prejudice all claims against the State of Nevada, as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

[2] In the complaint, Plaintiff spells this defendant's name as "Berrett" and "Berette." (ECF No. 1-1 at 1-2).

before the Nevada Board of Pardons.  (*Id.* at 5).  ESP Caseworkers Drain, Tropp, Large, Wagner, Oxboro, and Chamberlain and HDSP Caseworkers Berrett and Treadwell all informed Plaintiff that he was not eligible to appear before the Nevada Board of Pardons because of his sentence of life without possibility of parole.  (*Id.*)

Plaintiff claimed that he was eligible to appear before the Nevada Board of Pardons because he had committed his crime in 1992 and the law had not changed until 1995. (*Id.* at 5-6).  Plaintiff argued that the law did not apply to him and he was still eligible. (*Id.* at 6).  Despite this, the caseworkers still informed Plaintiff that he was not eligible.  (*Id.*) Over the past 17 years, the caseworkers misconstrued Plaintiff's eligibility and refused to provide Plaintiff with the appropriate pardon application.  (*Id.*)

The caseworkers denied Plaintiff equal protection because "other inmates with and without life" sentences were provided the proper documents to appear before the Nevada Board of Pardons.  (*Id.* at 6-7).  The caseworkers provided similarly situated inmates the proper applications.  (*Id.* at 7).  The caseworkers discriminated against Plaintiff based on the fact that he had murdered four people and said he would never be eligible for a pardon.  (*Id.* at 7-8).  The caseworkers also violated Plaintiff's due process rights.  (*Id.* at 7).  In 2017, Plaintiff filed a state petition for habeas corpus where the state asserted that Plaintiff was eligible to see the Nevada Board of Pardons.  (*Id.* at 8).

Plaintiff alleges violations of the Fourteenth Amendment's due process and equal protection clauses.  (*Id.* at 4).

**A.    Due Process**

To state a colorable Fourteenth Amendment Due Process Clause violation, a plaintiff must establish: (1) a liberty or property interest that he or she has been deprived of, and (2) that the procedures followed by the State were constitutionally insufficient. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  The Supreme Court has held that allegations that a defendant violated state law are insufficient to state a claim for violation of the Fourteenth Amendment's Due Process Clause.  *Id.* at 222 (holding that "a 'mere error of state law' is not a denial of due process").

The Court finds that Plaintiff fails to state a colorable due process claim. Based on the allegations, the caseworkers misinterpreted a 1995 change in state law. As noted above, a mere error of state law is not a denial of due process. The Court dismisses this claim with prejudice as amendment would be futile.

**B.     Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The Court finds that Plaintiff fails to allege a colorable equal protection claim. Plaintiff has not sufficiently identified a group of individuals that he was similarly situated to that the caseworkers purposefully treated differently. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (holding that, in an equal protection claim, "[t]he groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified" but noting that "[a]n equal protection claim will not lie by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff"). Plaintiff is not similarly situated to a general group of inmates sentenced to life with or without the possibility of parole. Plaintiff could be similarly situated to inmates who committed crimes prior to 1995 and sentenced to life without the possibility of parole. Plaintiff would also need to identify how caseworkers treated him differently from that group. The Court dismisses this claim without prejudice with leave to amend.

### C. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of his equal protection claim. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Plaintiff must follow the directions on the form complaint and "describe exactly what each specific defendant (by name) did to violate his rights." Plaintiff cannot lump the actions of all caseworkers together. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies of his equal protection claim, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies of his equal protection claim, the Court will dismiss this action with prejudice for failure to state a claim.

### III. CONCLUSION

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 4) is deferred.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1).

It is further ordered that the complaint (ECF No. 1-1) is dismissed in its entirety without prejudice with leave to amend the equal protection claim only.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his equal protection claim, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies of his equal protection claim, as outlined in this order, the Court will dismiss this action with prejudice for failure to state a claim.


DATED THIS 18 day of May 2021.

_____
UNITED STATES DISTRICT JUDGE