UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD POWELL,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.  2:20-cv-00730-KJD-DJA<br><br>SCREENING ORDER ON<br>FIRST AMENDED COMPLAINT<br>(ECF No. 7) |

　　　　Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil rights complaint ("FAC") pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 4, 7). The Court grants the application to proceed *in forma pauperis* (ECF No. 4) and screens Plaintiff's FAC under 28 U.S.C. § 1915A.

**I.　　SCREENING STANDARD**

　　　　Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

　　　　In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining

whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. PROCEDURAL HISTORY

In May 2021, the Court screened Plaintiff's original complaint. (ECF No. 5). The Court dismissed the Fourteenth Amendment due process claim with prejudice as amendment would be futile but granted Plaintiff leave to amend his Fourteenth Amendment equal protection claim. (*Id.* at 5). Specifically, the Court explained that Plaintiff had not sufficiently identified a group of individuals that he was similarly situated to that the caseworkers purposefully treated differently. (*Id.*)  In response, Plaintiff filed the FAC. (ECF No. 7).

## III. SCREENING OF FAC

In the FAC, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 7 at 1). Plaintiff sues Defendants Caseworker Treadwell, Caseworker Ritz, and Caseworker Fierro. (*Id.* at 2). Plaintiff brings one claim and seeks declaratory and monetary relief. (*Id.* at 4, 15).

The FAC alleges the following:  Treadwell, Ritz, and Fierro failed or refused to inform Plaintiff that he was eligible to see the Nevada Board of Pardons ("Board") and failed or refused to provide Plaintiff with the appropriate application to fill out and turn into the Board. (*Id.* at 5). These three caseworkers were under the impression that Plaintiff

was not eligible to appear before the Board because Plaintiff had been sentenced to life without the possibility of parole. (*Id.*)

Plaintiff went to trial on murder charges stemming from killings that allegedly occurred on May 1, 1992. (*Id.*) Plaintiff maintains that he was not the killer. (*Id.*) Although the alleged killings took place on May 1, 1992, Plaintiff went to trial years later and was eventually sentenced in December 2000. (*Id.*) A judgment of conviction was entered in the case. (*Id.*)

During the commission of the crime, anyone sentenced to life without the possibility of parole was still entitled to appear before the Board. (*Id.* at 5-6). However, on July 1, 1995, the law changed under NRS § 213.085, and individuals convicted of first-degree murder were no longer permitted to see the Board. (*Id.* at 6-7).

Plaintiff contends that the date of the commission of the crime is the effective date of the law change and not the date of sentencing. (*Id.* at 6). He was eligible to see the Board because the crimes were allegedly committed on May 1, 1992, prior to the law change. (*Id.*) Treadwell, Ritz, and Fierro should have known this. (*Id.*) However, those three erred when they applied the 1995 law change to Plaintiff. (*Id.* at 7). This error cost Plaintiff years of pardon eligibility. (*Id.*)

The "erroneous retroactive application" of the 1995 law change demonstrates that Treadwell, Ritz, and Fierro acted with the intent and purpose to discriminate against him and treat him differently from similarly situated individuals with life without parole sentences who were in the same situation. (*Id.* at 8).

Specifically, inmates who committed their crimes and were sentenced before July 1, 1995, were given applications to appear before the Board. (*Id.*). However, Treadwell, Ritz, and Fierro told Plaintiff that he was not entitled to file an application for pardon because he was not eligible to be pardoned due to his December 2000 sentencing and judgment of conviction. (*Id.* at 8-9). These defendants treated Plaintiff differently than similarly situated individuals without any rational basis for the disparate treatment. (*Id.* at 9-10). Plaintiff alleges a Fourteenth Amendment equal protection violation. (*Id.* at 4).

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The Court finds that Plaintiff fails to state a colorable equal protection claim. Plaintiff once again has failed to sufficiently identify a group of individuals that he was similarly situated to that the caseworkers purposefully treated differently.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (holding that, in an equal protection claim, "[t]he groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified" but noting that "[a]n equal protection claim will not lie by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff");  *see also Nordlinger v. Hahn*, 505 U.S. 1, 10, (1992) (holding that the Equal Protection Clause "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike"). Although Plaintiff may be similarly situated to inmates who committed their crimes prior to July 1, 1995, he would not be similarly situated to those inmates who were also sentenced prior to July 1, 1995.  Plaintiff would be similarly situated to inmates who committed crimes prior to July 1, 1995 but were sentenced after that date.  However, Plaintiff has not identified any inmate who is similarly situated to himself and who the caseworkers permitted to appear before the Board.  As such, Plaintiff fails to state a colorable claim.  The Court dismisses this claim with prejudice as amendment would be futile.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)

(leave to amend not required when plaintiff was previously allowed to amend but failed to correct identified deficiencies).[1]

### IV. CONCLUSION

It is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) without having to prepay the full filing fee is **granted**. Even though this action is dismissed, and is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Richard Powell, #67747** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the operative complaint is the FAC (ECF No. 7). The Clerk of the Court will send Plaintiff a courtesy copy of the FAC.

It is further ordered that the FAC (ECF No. 7) is dismissed in its entirety with prejudice as amendment would be futile for failure to state a claim.

It is further ordered that the Clerk of the Court close the case and enter judgment accordingly.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 30 day of September 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that NRS § 213.085(1) references the date of conviction as the operative date and not the date of the commission of the crime. *See* Nev. Rev. Stat. § 213.085(1) (1995) (providing "[i]f a person is convicted . . . on or after July 1, 1995"); *see* Nev. Rev. Stat. § 213.085(1) (2017) (providing "[i]f a person is convicted on or after July 1, 1995"). The conviction date is different from the date a person committed a crime.