UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD POWELL, | Case No. 2:20-cv-00730-KJD-DJA |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), files a motion for reconsideration under Federal Rule of Civil Procedure 60(b) on this Court's screening order dismissing the first amended complaint ("FAC") in its entirety with prejudice and closing the case. (ECF Nos. 9, 11). The Court dismissed the FAC because "Plaintiff once again . . . failed to sufficiently identify a group of individuals that he was similarly situated to that the caseworkers purposefully treated differently" for his Fourteenth Amendment equal protection claim. (ECF No. 9 at 5).

A party can seek reconsideration under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

In the motion for reconsideration, Plaintiff reiterates the allegations in his FAC but also argues that he does state a colorable equal protection claim because he may "in fact be the first individual to 'sound the alarm' in this situation" and that he has a "novel" claim. (ECF No. 11 at 11). Plaintiff asserts that this is why he cannot identify a similarly situated group. (*Id.*)

The Court denies the motion for reconsideration (ECF No. 11) because the Court did not commit clear error in its screening order.  Plaintiff, who is attempting to state an equal protection claim based on being purposefully treated differently than similarly situated individuals without any rational basis, cannot allege an equal protection claim if he is not being treated differently from anyone else.  Although the law recognizes a "class of one" theory with respect to equal protection, that claim still requires Plaintiff to identify a group that he is similarly situated to and being treated differently from.  *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that "[o]ur cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").  Because Plaintiff cannot identify a similarly situated group that he is being treated differently from, he cannot state a colorable equal protection claim.

**IT IS ORDERED** that the motion for reconsideration (ECF No. 11) is denied.

DATED THIS 22nd day of December 2021.

_____
UNITED STATES DISTRICT JUDGE